## THE COMMONWEALTH.

### BOOTH FISHERIES CO. v. DANIELSON.

Circuit Court of Appeals, Ninth Circuit.
December 3, 1929.

Rehearing Denied January 13, 1930.

No. 5801.

A. H. Ziegler, of Ketchikan, Alaska, and Lane Summers and Huffer, Hayden, Merritt, Summers & Bucey, all of Seattle, Wash., for appellant.

Lester O. Gore, of Ketchikan, Alaska (Robert W. Jennings, of San Francisco, Cal., of counsel), for appellee.

Before RUDKIN, DIETRICH, and WILBUR, Circuit Judges.

RUDKIN, Circuit Judge. This was a libel for damages for a collision at sea. Shortly after midnight on the morning of September 17, 1926, the Commonwealth collided with the Annie in the waters of Sumner Strait, and as a result of the collision the latter was sunk and became a total loss, together with all personal property on board. The Commonwealth was a gas screw vessel about 100 feet long with a capacity of about 60 tons net. The Annie was a gas boat about 40 feet long with a capacity of 11 tons net. At the time of the collision the Annie was disabled because of engine trouble and was lying motionless in the water about two miles off shore, headed north. The Commonwealth, approaching from the starboard side, struck the Annie on the starboard quarter; about 15 feet from the stern, with the results already stated. There was testimony tending to show that the Commonwealth changed her course when about 400 yards distant from the Annie and came directly towards her. The night was clear and the visibility good, so that lights could be seen at a considerable distance. As stated by the court below, the principal questions in the case were: First, did the Annie maintain proper lights? and, second, did the Commonwealth maintain a proper lookout? The court found both issues in favor of the owner of the Annie and entered a decree for full damages. From this decree the claimant, or owner of the Commonwealth, has appealed.

The two witnesses on board the Annie at the time of the collision testified that her lights were burning brightly. Three witnesses on board the Commonwealth testified that they saw no lights. The former testimony was positive and the latter negative in its character. The testimony was taken largely in open court, and the finding of the court, based on conflicting testimony, if there was such conflict, should not be disturbed. And if the lights on the Annie were burning brightly as found by the court, it follows almost as a matter of course that the Commonwealth did not maintain a sufficient lookout, or that the lookout did not attend properly to his duties. The New York, 175 U. S. 187, 204, 20 S. Ct. 67, 44 L. Ed. 126.

We are further of opinion that the court was justified in finding that the fault of the Commonwealth was the proximate cause of the collision. It is contended that the court did not so find, but we see no merit in this contention. In its opinion the court said: "I am of opinion, therefore, that the

582

Commonwealth failed to keep and maintain a proper lookout, and such failure was the cause of the collision."

The decree is affirmed.